UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV 01653**

-----------------------------------------------------------X

SH MARINE LTD.,

                **Plaintiff,**

        - against -

COSCO SHIPYARD GROUP CO., LTD., and
COSCO (SHANGHAI) SHIPYARD CO., LTD.,

                **Defendants.**

-----------------------------------------------------------X

    08 Civ.     ( )

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR AN ORDER OF
MARITIME ATTACHMENT AND GARNISHMENT
PURSUANT TO RULE B(1) OF THE SUPPLEMENTAL
RULES OF THE SUPPLEMENTAL RULES FOR
CERTAIN ADMIRALTY AND MARITIME CLAIMS
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

ARMAND M. PARÉ, JR.
JOHN P. VAYDA
    **Of Counsel**

**NOURSE & BOWLES, LLP**
**Attorneys for Plaintiff**
**SH MARINE LTD.**
**One Exchange Plaza**
**At 55 Broadway**
**New York, NY 10006-3030**
**(212) 952-6200**

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
SH MARINE LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SH MARINE LTD.,                                        :
                                                       :
                         Plaintiff,                    :
                                                       :
              - against -                              :    08 Civ.        (    )
                                                       :
COSCO SHIPYARD GROUP CO., LTD., and                    :
COSCO (SHANGHAI) SHIPYARD CO., LTD.,                   :
                                                       :
                         Defendants.                   :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR AN ORDER OF
MARITIME ATTACHMENT AND GARNISHMENT
PURSUANT TO RULE B(1) OF THE SUPPLEMENTAL
RULES OF THE SUPPLEMENTAL RULES FOR
CERTAIN ADMIRALTY AND MARITIME CLAIMS
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PRELIMINARY STATEMENT**

Plaintiff, SH Marine Ltd. ("Plaintiff") respectfully submits this Memorandum of

Law in support of its application for an order directing the Clerk of the Court to issue

Process of Maritime Attachment and Garnishment pursuant to Rule B(1) of the

Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of

Civil Procedure in connection with Plaintiff's admiralty and maritime claims in the amount of $8,627,481.35 resulting from breach of a charter party.

## STATEMENT OF FACTS

Plaintiff entered into 2 shipyard repair and conversion contracts with defendants, Cosco Shipyard Group Co., Ltd. and Cosco (Shanghai) Shipyard Co., Ltd. ("Defendants") for conversion and repair of two (2) vessels, the CHEM GLORY, and the CHEM ORCHID. Defendants acted as a single entity with no meaningful corporate separation and alter egos of one another in the execution of and receipt of payments for the contracts and the funds of both were intermingled. The contracts obligated Defendants to complete the conversion and repairs within a certain period of time. The contracts further provided that the Defendants were to be responsible for any damage or loss to the vessels or any of their parts during the conversion and repairs. Work on the vessels took substantially longer than the time limit in the contracts during the conversion and repairs and Plaintiff has suffered delay damages and loss by reason of these delays. In addition, there was physical damage and loss to each of the vessels during the conversation and repairs. The matters are subject to arbitration in London and English law is applicable. "Costs" in the form of attorneys' fees and arbitrators' fees are awarded to the prevailing party in London arbitration, as is interest. Plaintiff claims total damages, including interest and costs in the amount of $8,627,481.35. Plaintiff seeks process of maritime attachment and garnishment against Defendants' property in the district as security for its claims for which arbitration has been demanded in London.

## ARGUMENT

### AN ORDER AUTHORIZING THE ISSUANCE OF PROCESS OF MARITIME ATTACHMENT SHOULD BE GRANTED PURSUANT TO SUPPLEMENTAL RULE B(1) TO ALLOW ATTACHMENT OF DEFENDANT'S ASSETS IN THE HANDS OF NON-PARTIES TO THIS ACTION

Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule B(1)"), specifically permits prejudgment attachment in admiralty or maritime cases whenever the defendant cannot be "found" with the district:

> With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's good and chattels, or credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant shall not be found within the district. Such a complaint shall be accompanied by an affidavit signed by the plaintiff or the plaintiff's attorney that, to the affiant's knowledge, or to the best of the affiant's information and belief, the defendant cannot be found within the district. The verified complaint and affidavit shall be reviewed by the court and, if the conditions set forth in this rule appear to exist, an order so stating and authorizing process of attachment and garnishment shall issue.

Plaintiff's claim arises under a maritime contract and therefore is a claim within the admiralty jurisdiction of this Court. G. Gilmore & C. Black, The Law of Admiralty 22, n. 65 (2d ed. 1975); 1 Benedict On Admiralty § 184 at 12-11 (7th rev. ed. 2002). Vietrix S.S. Co., S.A. v. Salen Dry Cargo A.B., 825 F.2d 709, 713 (2d Cir. 1987); CTI-Container Leasing Corp. v. Oceanic Corp., 682 F.2d 377, 380, n.4 (2d Cir. 1982). Because Plaintiff possesses a maritime claim, it may secure a maritime attachment

3

pursuant to Supplemental Rule B(1) against all assets and property (up to the amount of

the claim) belonging to Defendant which may be situated within the district "if the

defendant[s] shall not be found within the district." Supplemental Rule B(1). Where

parties act as alter egos of one another with no meaningful corporate separation or

commingle assets, the property of each is subject to maritime attachment. Tide Line, Inc.

v. Easttrade Commodities, Inc., 2006 U.S. U.S. Dist. LEXIS 95870 (S.D.N.Y.).

Application for a maritime attachment is ex parte and no advance notice is

required.

As stated in the 1966 Advisory Committee Notes to Supplemental Rule B, no

notice was provided for because "[n]one is required by the principles of due process,

since it is assumed that the garnishee or custodian of the property attached will either

notify the defendant or be deprived of the right to plead the judgment as a defense in an

action against him by the defendant." In their comments on the 1985 Amendment, the

Committee noted that Supplemental Rule B was amended to provide for judicial scrutiny

before the issuance of the attachment "to eliminate doubts as to whether the Rule is

consistent with the principles of procedural due process enunciated by the Supreme Court

. . ." Further:

> The rule envisions that the order will issue when the plaintiff
> makes a prima facie showing that he has a maritime claim
> against the defendant in the amount sued for and the
> defendant is not present in the district. A simple order with
> conclusory findings is contemplated.
>
> Id.

Service of a writ of maritime attachment is not the same as an actual attachment. If there is no property in the garnishee's hands, there is no attachment, and therefore no requirement for notice under Local Rule B.2. If Rule B.1[1] were interpreted to require notice before any property was actually seized, that would enable a defendant to divert its funds and thus defeat the very purpose of maritime security in a case against a foreign or transient defendant. Therefore, Plaintiff may proceed *ex parte* and provide notice promptly after a successful attachment.

For purposes of Supplemental Rule B(1), the term "found within the district" presents a two-pronged inquiry. If the defendant cannot be found within the district for jurisdictional purposes and for service of process, an attachment is permissible. See Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963); see also 29 Moore's Federal Practice § 705.02[2][b] (Matthew Bender 3d ed.). As explained in the accompanying Affidavit of Armand M. Paré, Jr., Defendants cannot be found within this District Court under this analysis. Accordingly, the issuance of an order of maritime attachment is proper.

Rule B attachment is also proper in aid of foreign litigation or arbitration. Polar Shipping Ltd. v. Oriental Shipping Corp., 680 F.2d. 627, 632 (9th Cir. 1982); Staronset Shipping Ltd. v. North Star Navigation Inc., 659 F. Supp. 189, 191 (S.D.N.Y. 1987); Andros Compania Maritima, S.A. v. Andre and Cie, S.A., 430 F. Supp. 88 (S.D.N.Y.

---

[1]  Local Admiralty Rule B.1 "Affidavit That Defendant Is Not Found Within the District," states:
The affidavit required by Supplemental Rule B(1) to accompany the complaint and the affidavit required by Supplemental Rule B(2)(c), shall list the efforts made by and on behalf of the plaintiff to find and serve the defendant within the district.

1977).  See also <u>Drys Shipping Corp. v. Freight of the M.S. DRYS</u>, 558 F.2d 1050 (2d

Cir. 1977).

Plaintiff seeks to attach Defendants' assets in the hands of non-parties.  In order to

attach Defendants' assets in the hands of non-parties, an order of attachment and

garnishment is required.  Plaintiff therefore respectfully requests that the Court issue an

order authorizing process of maritime attachment and garnishment in order to secure

Plaintiff's claim in the London arbitration in the amount of $8,627,481.35, as nearly as

can be estimated at present.

## CONCLUSION

By reason of the foregoing, it is respectfully submitted this Court should issue an

Order authorizing the issuance of Process of Maritime Attachment and Garnishment

pursuant to Supplemental Rule B(1) and Plaintiff should have such other and further

relief as is just and proper in the circumstances.

Dated: New York, New York
          February    , 2008

                              NOURSE & BOWLES, LLP
                              Attorneys for Plaintiff
                              SH MARINE LTD.


By:_____
                              Armand M. Paré, Jr. (AP-8575)
                              One Exchange Plaza
                              At 55 Broadway
                              New York, NY  10006-3030
                              (212) 952-6200

6