Michael J. Frevola
Christopher R. Nolan
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR DEFENDANTS
COSCO SHIPYARD GROUP CO., LTD. and
COSCO (SHANGHAI) SHIPYARD CO., LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SH MARINE LTD.,<br><br>                Plaintiff,<br><br>-against-<br><br>COSCO SHIPYARD GROUP CO., LTD., and<br>COSCO (SHANGHAI) SHIPYARD CO., LTD.<br><br>                Defendants. | 08 Civ. 1653 (DC)<br><br>**VERIFIED ANSWER<br>AND COUNTERCLAIMS** |

    Defendants, COSCO Shipyard Group Co., Ltd., and COSCO (Shanghai) Shipyard Co., Ltd. ("Defendants"), by and through their attorneys, Holland & Knight LLP, for their Verified Answer and Counterclaims to the Verified Complaint of plaintiff SH Marine Ltd. ("Plaintiff"), allege as follows:

    1.    Admit the allegations contained in paragraph 1 of Plaintiff's Verified Complaint.

    2.    Deny knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of Plaintiff's Verified Complaint.

3. Admit that Defendant COSCO Shipyard Group Co., Ltd. is a business entity organized and existing under the laws of the People's Republic of China with offices in China, but deny the remainder of the allegations contained in paragraph 3 of Plaintiff's Verified Complaint.

4. Admit that Defendant COSCO (Shanghai) Shipyard Co., Ltd. is a business entity organized and existing under the laws of the People's Republic of China with offices in China, but deny the remainder of the allegations contained in paragraph 4 of Plaintiff's Verified Complaint.

5. Deny the allegations contained in paragraph 5 of Plaintiff's Verified Complaint.

6. Deny the allegations contained in paragraph 6 of Plaintiff's Verified Complaint.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

7. Defendants repeat and reallege the previous answers as if set forth herein at length.

8. Admit the allegations contained in paragraph 8 of Plaintiff's Verified Complaint.

9. Admit that the repair contract for the CHEM GLORY based on the initial scope of work called for repairs to be completed within a set period of time failing which Defendant COSCO (Shanghai) Shipyard Co., Ltd. could be held liable, but deny remainder of the allegations contained in paragraph 9 of Plaintiff's Verified Complaint.

10. Admit the allegations contained in paragraph 10 of Plaintiff's Verified Complaint.

11. Deny the allegations contained in paragraph 11 of Plaintiff's Verified Complaint.

12. Deny the allegations contained in paragraph 12 of Plaintiff's Verified Complaint to the extent that they differ from the terms of the governing contract, which speaks for itself.

13. Deny the allegations contained in paragraph 13 of Plaintiff's Verified Complaint.

14. Deny the allegations contained in paragraph 14 of Plaintiff's Verified Complaint.

15. Deny the allegations contained in paragraph 15 of Plaintiff's Verified Complaint to the extent that they differ from the terms of the governing contract, which speaks for itself.

16. Deny Plaintiff's allegations of liability, and deny knowledge or information sufficient to admit or deny the remainder of the allegations, contained in paragraph 16 of Plaintiff's Verified Complaint.

17. Deny the allegations contained in paragraph 17 of Plaintiff's Verified Complaint.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

18. Defendants repeat and reallege the previous answers as if set forth herein at length.

19. Admit the allegations contained in paragraph 19 of Plaintiff's Verified Complaint.

20. Admit that the repair contract for the CHEM ORCHID based on the initial scope of work called for repairs to be completed within a set period of time failing which Defendant COSCO (Shanghai) Shipyard Co., Ltd. could be held liable, but deny remainder of the allegations contained in paragraph 20 of Plaintiff's Verified Complaint.

21. Admit the allegations contained in paragraph 21 of Plaintiff's Verified Complaint.

22. Deny the allegations contained in paragraph 22 of Plaintiff's Verified Complaint.

23. Deny the allegations contained in paragraph 23 of Plaintiff's Verified Complaint to the extent that they differ from the terms of the governing contract, which speaks for itself.

24. Deny the allegations contained in paragraph 24 of Plaintiff's Verified Complaint.

25. Admit that Defendant COSCO (Shanghai) Shipyard Co., Ltd. has asserted its possessory lien on the M/V CHEM ORCHID present in its yard in China to secure payment of its counterclaim alleged herein of $5,031,500.00, as best as can be presently determined, for work performed on the CHEM ORCHID, but deny the remainder of the allegations contained in paragraph 25 of Plaintiff's Verified Complaint.

26. Deny the allegations contained in paragraph 26 of Plaintiff's Verified Complaint.

27. Deny the allegations contained in paragraph 27 of Plaintiff's Verified Complaint to the extent that they differ from the terms of the governing contract, which speaks for itself.

28. Deny Plaintiff's allegations of liability, and deny knowledge or information sufficient to admit or deny the remainder of the allegations, contained in paragraph 28 of Plaintiff's Verified Complaint.

29. Deny the allegations contained in paragraph 29 of Plaintiff's Verified Complaint.

## SUMMARY OF CAUSES OF ACTION AND REQUEST FOR RELIEF

30. Deny the allegations contained in paragraph 30 of Plaintiff's Verified Complaint.

31. Admit that garnishee banks in this District have attached monies in connection with this action, but deny the remainder of the allegations contained in paragraph 31 of Plaintiff's Verified Complaint.

## FURTHER ANSWERING THE COMPLAINT, AND AS FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, DEFENDANTS STATE:

1. The Verified Complaint fails to state a cause of action upon which relief may be granted.

2. This Courts lack personal jurisdiction over one or both Defendants.

3. This Court lacks *quasi in rem* jurisdiction over one or both Defendants.

4. Plaintiff has improperly and/or insufficiently served process on Defendants.

5. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

6. Plaintiff's claims are barred or reduced by the doctrine of setoff.

7. Plaintiff is liable of culpable conduct in the events giving rise to the claims now asserted in the Verified Complaint, and its recovery, if any, must be diminished in proportion thereto.

8. Plaintiff's claims are overstated in the level of security sought from and provided by one or both Defendants and should be reduced to a reasonable sum.

9. Plaintiff has failed to mitigate its damages.

10. This Verified Answer and Counterclaim is made without waiver of any of the jurisdictional defenses or rights to arbitrate that may exist between the parties.

## COUNTERCLAIMS

As for its Counterclaim against Plaintiff, Defendant COSCO (Shanghai) Shipyard Co. ("COSCO (Shanghai)") alleges as follows:

1. COSCO (Shanghai)'s Counterclaims arise under the repair contracts for the M/V CHEM GLORY and M/V CHEM ORCHID referenced in paragraphs "8" and "19" of the Verified Complaint, respectively, which are discussed in turn below.

## CHEM GLORY

2. In the case of the M/V CHEM GLORY, COSCO (Shanghai) provided the repairs contemplated in the parties' repair contract then invoiced Plaintiff for the repairs. That invoice, a copy of which is annexed as Exhibit 1, was for the amount of $7,850,000.00 and was endorsed as "Approved" by the Plaintiff's president, Mr. Ug Heo.

3. The CHEM GLORY work was to be paid off in a series of installments. The last installment in the amount of $2,355,000.00 was due on April 11, 2008. That installment has not been paid, although duly demanded.

4. In addition to the principal amount of its claim, COSCO (Shanghai) expects to incur $300,000.00 in legal costs and expenses in London arbitration and for interest in the amount of $423,900.00 ($2.355 million x 6% x 3 years) to accrue pending a result in London arbitration.

5. COSCO (Shanghai)'s cumulative counterclaim against Plaintiff with regard to the CHEM GLORY, therefore, totals $3,078,900.00, as best as can be presently determined.

## **CHEM ORCHID**

6.  In the case of the M/V CHEM ORCHID, COSCO (Shanghai) provided the repairs contemplated in the parties' repair contract then invoiced Plaintiff for the repairs. That invoice, a copy of which is annexed as Exhibit 2, also was for the amount of $7,850,000.00 and was endorsed as "Approved" by the Plaintiff's president, Mr. Ug Heo.

7.  The CHEM ORCHID work was to be paid off in a series of installments. The last two installments totaling $3,925,000.00 were due on February 1, 2008. Those installments have not been paid, although duly demanded.

8.  In addition to the principal amount of its claim, COSCO (Shanghai) expects to incur $400,000.00 in legal costs and expenses in London arbitration and for interest in the amount of $706,500.00 ($3.925 million x 6% x 3 years) to accrue pending a result in London arbitration.

9.  COSCO (Shanghai)'s cumulative counterclaim against Plaintiff with regard to the CHEM ORCHID, therefore, totals $5,031,500.00, as best as can be presently determined.

10.  Because COSCO (Shanghai) has a possessory lien on the CHEM ORCHID which outranks competing creditors under Chinese law, COSCO (Shanghai) appears presently to be fully secured with regard to its claim for work performed on the CHEM ORCHID.

## **PRAYER FOR RELIEF**

WHEREFORE, the Defendants COSCO Shipyard Group Co., Ltd., and COSCO (Shanghai) Shipyard Co., Ltd. respectfully request:

1.  That this Court dismiss the Plaintiff's Verified Complaint against the Defendants with prejudice;

2.  That this Court cite Plaintiff to answer under oath all allegations in Defendant COSCO (Shanghai)'s counterclaims;

3.  That pursuant to the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, this Court issue an Order directing Plaintiff to post counter-security in the sum of US$3,078,900.00, failing which: (a) Plaintiff be enjoined from prosecuting its claims against Defendants here, in the London arbitration, or any other venue; and/or (b) Plaintiff's attachment of any and all of Defendants' property attached in this action pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions immediately be vacated;

4.  That upon the posting of Plaintiff's counter-security in the sum of US$3,078,900.00, that this matter be placed on the suspense calendar pending arbitration in London, and that this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

5.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the counterclaims set forth herein as a Judgment of this Court; and

6.  That this Court grant Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 30, 2008

HOLLAND & KNIGHT LLP

By: _____
Michael J. Frevola
Christopher R. Nolan
195 Broadway
New York, NY 10007-3189
Tel:  (212) 513-3200
Fax:  (212) 385-9010

*Attorneys for Defendants*
*COSCO Shipyard Group Co., Ltd. and*
*COSCO (Shanghai) Shipyard Co., Ltd.*

## VERIFICATION

STATE OF NEW YORK          )
                           :ss.:
COUNTY OF NEW YORK         )

MICHAEL J. FREVOLA, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight LLP, counsel for COSCO Shipyard Group Co., Ltd. and COSCO (Shanghai) Shipyard Co., Ltd. ("Defendants"), defendants in the foregoing action. I have read the foregoing Verified Answer and Counterclaims and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Defendants and corresponded with Defendants' representatives regarding this matter. I am authorized by Defendants to make this verification, and the reason for my making it as opposed to an officer or director of Defendants is that there are none within the jurisdiction of this Honorable Court.

_____
Michael J. Frevola

Sworn to before me this
30th day of April, 2008

_____
Notary Public

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2010

# 5305396_v1

10

# EXHIBIT 1

Case 1:08-cv-01653-DC    Document 10    Filed 04/30/2008    Page 11 of 14



# COSCO (SHANGHAI) SHIPYARD CO., LTD.

2500, LONGWU RD.   TEL:86-21-54821930
SHANGHAI, CHINA   FAX:86-21-54821881

## INVOICE

Date.2008-1-28

SHIP'S Owner: SH MARINE LTD.
SHIP'S Management: STX POS SHIP MANAGEMENT

M/T CHEM GLORY    Drydock and Repairs

| Repair Items | Gross Prices | Net Prices |
|---|---|---|
| 1. Service Charge | | US$ 400,000 |
| 2. Hull Steel works | | US$ 2,850,000 |
| 3. Dock Fitter Works | | US$ 19,000 |
| 4. Engine Works | | US$ 2,131,000 |
| 5. Painting Works | | US$ 2,200,000 |
| 6. Electric Works | | US$ 250,000 |
| Discount Rate for Gross Items | | |
| Net Total After Discount | US$ | 7,850,000 |
| Grand Net Total After All Consideration | US$ | 7,850,000 |
| Final payable total amount | US$ | 7,850,000 |

INVOICE NO.: S0715602EB82

BENEFICIARY CUSTOMER: COSCO SHIPYARD GROUP CO., LTD.
BANK NAME: BANK OF CHINA DALIAN DEVELOPMENT ZONE BRANCH
BANK ADDRESS: ECONOMIC & TECHNICAL DEVELOPMENT ZONE DALIAN, CHINA
POST CODE: 116600
BANK ACCOUNT NO.: 801522078808091014-04
SWIFT CODE: BKCHCNBJ82H

MR. PU HONG, BUSINESS MANAGER FOR AND
ON BEHALF OF COSCO (SHANGHAI) SHIPYARD

Approved by
MR. UG, HEO/PRESIDENT FOR AND ON
BEHALF OF SH MARINE LTD.

# EXHIBIT 2

# COSCO (SHANGHAI) SHIPYARD CO., LTD.

2500, LONGWU RD.
SHANGHAI, CHINA

TEL:86-21-54621830
FAX:86-21-54621681

## INVOICE

Date: 2006-1-28

SHIP OWNER: SB MARINE LTD.
SHIP Management: STX PCS SHIP MANAGEMENT

M/T CHEM ORCHID — Drydock and Repairs

| Repair Items | Gross Prices | Net Prices |
|---|---|---|
| 1. Service Charge | US$ | US$ 996,000 |
| 2. Steel Works | US$ | US$ 2,856,000 |
| 3. [Pipe] Works | US$ | US$ 19,000 |
| 4. [Coating] Works | US$ | US$ 2,131,000 |
| 5. Painting Works | US$ | US$ 2,500,000 |
| 6. Electric Works | US$ | US$ 250,000 |
| Discount Rate for Gross Items | | US$ 7,830,000 |
| Net [Total after] Discount | | US$ 7,550,000 |
| Gran[d] Total [after] All Consideration | | US$ 7,550,000 |

INVOICE NO.: S0715702TB32

BENEFICIARY CUSTOMER: COSCO SHIPYARD GROUP CO., LTD.
BANK NAME: BANK OF CHINA DALIAN DEVELOPMENT ZONE BRANCH
BANK ADDRESS: ECONOMIC & TECHNICAL DEVELOPMENT ZONE DALIAN, CHINA
POST CODE: 116600
BANK ACCOUNT NO.: 8012207880091014-04
SWIFT CODE: BKCHCNBJ8H

Approved by
MR. UG HEO/PRESIDENT FOR AND ON BEHALF OF
SB MARINE LTD.