NOURSE & BOWLES, LLP
Attorneys for Plaintiff
SH MARINE LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SH MARINE LTD.,                                  :
                                                 :
                    Plaintiff,                   :
                                                 :  08 Civ. 1653 (DC)
            - against -                          :
                                                 :  **VERIFIED**
COSCO SHIPYARD GROUP CO., LTD., and              :  **ANSWER TO**
COSCO (SHANGHAI) SHIPYARD CO., LTD.              :  **COUNTERCLAIMS**
                                                 :
                    Defendants.                  :
------------------------------------------------------------X

Plaintiff, SH Marine Ltd. ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, as and for its answer to the counterclaims in the Verified Answer and Counterclaims dated April 30, 2008 ("Counterclaims") of COSCO Shipyard Group Co., Ltd. ("COSCO Shipyard") and COSCO (Shanghai) Shipyard Co., Ltd. ("COSCO Shanghai") (collectively "COSCO Defendants"), herein alleges on information and belief as follows:

1.   It denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the COSCO Defendant's Counterclaims.

**CHEM GLORY**

2.   It admits that there was a contract for repair of the vessel CHEM GLORY requiring that the COSCO Defendants complete the described work within a certain period of

time for a certain price but that the COSCO Defendants failed to perform the work in accordance with the terms of said contract and, by reason of same and other events, Plaintiff has affirmative claims against the COSCO Defendants as set out in the Verified Complaint. It further admits that the COSCO Defendants performed some of this work within the required time but that there are disputes about what work was completed as required by the contract, including the time of completing required work, what work remained to be done under the contract, the costs and amounts due for work done and not done under the contract, and cost overruns under the contracts. It further admits that there are disputes concerning whether there are any valid agreements or admissions with respect to work done and amounts due, including whether any agreements or admissions are the product of coercion or duress or are otherwise invalid. It further admits Plaintiff has other claims arising under the repair contracts as set forth in the Verified Complaint.

3.   It admits that the work to be done on the CHEM GLORY was to be paid in installments. It further admits that there are disputes concerning whether any amounts remain due and owing.

Except as admitted, it denies the allegations contained in paragraph 3 of the COSCO Defendants' Counterclaims.

4.   It denies knowledge or information sufficient to form a belief concerning the amount that the COSCO Defendants expect to incur in legal costs and expenses.

Except as admitted, it denies the allegations contained in paragraph 4 of the COSCO Defendants' Counterclaim.

5.  It denies the allegations contained in paragraph 5 of the COSCO Defendants' Counterclaims.

## **CHEM ORCHID**

6.  It admits that there was a contract for repair of the vessel CHEM ORCHID requiring that the COSCO Defendants complete the described work within a certain period of time for a certain price but that the COSCO Defendants failed to perform the work in accordance with the terms of said contract and, by reason of same, Plaintiff has affirmative claims against the COSCO Defendants as set out in the Verified Complaint. It further admits that the COSCO Defendants performed some of this work within the required time but that there are disputes about what work was completed as required by the contract, including the time of completing required work, what work remained to be done under the contract, the costs and amounts due for work done and not done under the contract, and cost overruns under the contract. It further admits that there are disputes concerning whether there are any valid agreements or admissions with respect to work done and amounts due, including whether any agreements or admissions are the product of coercion or duress or are otherwise invalid.

7.  It admits that the work to be done on the CHEM ORCHID was to be paid in installments. It further admits that there are disputes concerning whether any amounts remain due and owing.

Except ad admitted, it denies the allegations contained in paragraph 7 of the COSCO Defendants' Counterclaims.

8.  It denies knowledge or information sufficient to form a belief concerning the amount that the COSCO Defendants expect to incur in legal costs and expenses.

Except as admitted, it denies the allegations contained in paragraph 8 of the COSCO Defendants' Counterclaims.

9. It denies the allegations contained in paragraph 9 of the COSCO Defendants' Counterclaims.

10. It admits that the COSCO Defendants have seized the CHEM ORCHID and that, in the circumstances, the COSCO Defendant should not be entitled to any further security.

Except as admitted, Plaintiff denies the allegations contained in paragraph 10 of the Counterclaims of the COSCO Defendants.

## AS AND FOR SEPARATE PARTIAL AND/OR COMPLETE DEFENSES TO COSCO DEFENDANTS' COUNTERCLAIMS

11. The COSCO Defendants' Counterclaims fail to state a cause of action upon which relief may be granted.

12. Plaintiff generally denies the counterclaims of the COSCO Defendants and that Plaintiff has any liability therefor.

13. The COSCO Defendants' Counterclaims are barred under the equitable doctrines of laches and unclean hands.

14. The COSCO Defendants' Counterclaims are either completely or partially barred on the grounds of set off by reason of affirmative claims that Plaintiff has against the COSCO Defendants.

15. The COSCO Defendants have seized and detained Plaintiff's vessel, the CHEM ORCHID causing large and continuing expenses to Plaintiff and the COSCO Defendants

should therefore be barred from seeking and/or obtaining any further security from Plaintiff as alleged.

16. Plaintiff pleads, by way of defense, each and every term of the relevant contracts of repair.

17. Plaintiff is not liable to the COSCO Defendants for the counterclaims alleged by reason of applicable English law.

18. The COSCO Defendants are guilty of culpable conduct with respect to the repairs as set forth in the Verified Complaint and, inter alia, the actions of the COSCO Defendants caused part or all of the expenses claimed by the COSCO Defendants in not performing the repair contracts as required and in a workmanlike and timely manner.

19. The COSCO Defendants have failed to mitigate their damages.

20. By reason of Defendants' breaches of contract which have caused serious loss and damage to Plaintiff, on or about March 18, 2008 Plaintiff commenced bankruptcy reorganization proceedings in Korea ("Plaintiff's Reorganization Proceedings") and, as a result of same, any and all actions against it, including attempts to obtain security from it, are and/or should, under principles of comity, be barred and the COSCO Defendants should look for any relief against Plaintiff in Plaintiff's Reorganization Proceedings in which the COSCO Defendants have appeared and filed claims.

21. The COSCO Defendants have filed claims in Plaintiff's Reorganization Proceedings in which they have, inter alia, admitted claims of Plaintiff in the amounts of $20,320,642.70. Attached as Exhibit "A" is a copy of this submission made in Plaintiff's Reorganization Proceedings. This also shows how the COSCO Defendants have greatly

exaggerated their claims respecting the vessel CHEM ORCHID by adding, for example, $1,834,577.31 for "Exchange Rate Losses" and over $14,000,000 for "wharfage" when the COSCO Defendants seized the CHEM ORCHID and refused to let it leave their facility. The COSCO Defendants sought by this submission to set off their inflated claims in Plaintiff's Reorganization Proceedings against amounts owed to Plaintiff thereby attempting to secure an unfair advantage over other creditors in these proceedings by their exaggerated set off claims. In the circumstances, the COSCO Defendants should be left with the security they have sought by self help in seizing Plaintiff's vessel, the CHEM ORCHID, and in asserting inflated set off rights in Plaintiff's Reorganization Proceedings.

WHEREFORE, Plaintiff prays,

1. That the COSCO Defendants' counterclaims be dismissed, with costs;

2. That the COSCO Defendants be denied any further security;

3. That this action be stayed pending completion of arbitration; and

4. That Plaintiff be granted any further and different relief as to the Court may seem just or equitable.

Dated:  New York, New York
        May 20, 2008

                                        NOURSE & BOWLES, LLP
                                        Attorneys for Plaintiff
                                        SH MARINE LTD.

                                        By: _____
                                            Armand M. Paré, Jr. (AP-8575)
                                            One Exchange Plaza
                                            At 55 Broadway
                                            New York, NY  10006-3030
                                            (212) 952-6200

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

ARMAND M. PARÉ, JR., being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Answer to Counterclaims and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

_____
ARMAND M. PARÉ, JR.

Sworn to before me this
20 day of May, 2008

_____
Notary Public

MARY T. BANNON
Notary Public, State of New York
No. 01BA4785995
Qualified in New York County
Commission Expires February 28, 2008

# EXHIBIT A

 # COSCO (Shanghai) Shipyard Co., Ltd

To  SH Marine Ltd    Att Mr UG, Heo
Fax  +82-2-701-8709
CC  Tam-Hee Kim
Fax  +82-2-737-9091/3
From COSCO (Shanghai) Shipyard Co Ltd

Re: *SH MARINE LTD -v- COSCO (SHANGHAI) SHIPYARD CO. LTD.*

### OFFSET NOTICE

We hereby give notice that we intend to set the claims of US$24,422,095.62 owed by SH Marine against the alleged claims of SH Marine of US$20,320,642.70 ("Offset"). We attach particulars of Offset and set out the background to the claim as follows.

Pursuant to two repair memoranda of understanding ("MOA") between COSCO (Shanghai) Shipyard Co Ltd and SH Marine, both dated 6 March 2007, Cosco (Shanghai) Shipyard Co Ltd carried out repairs to the vessels the *"Chem Orchid"* and the *"Chem Glory"*. Once the repair operations were underway, it became clear that the scope of work required was far greater than that estimated by SH Marine and therefore the work took longer and cost more than originally anticipated. On 28 January 2008, two final invoices were issued. However, SH Marine failed to pay the full amount owing and we therefore claim the outstanding payments under those invoices plus interest, expenses and other outstanding amounts howsoever incurred pursuant to the MOAs.

SH Marine's claim is for damages for delay to the vessel's employment as a result of the extended working periods and for materials which were allegedly lost by the yard.

On 1st February 2008, Cosco (Shanghai) Shipyard Co Ltd exercised its right to exercise a lien over the vessel "Chem Orchid" in respect of its claims.

SH Marine have filed a Complaint in the New York Court for slightly over $8.627 million and sought security by way of an Order of Attachment in the amount of $5.93 million, of which the court granted $5.63 million.

All claims subject to Offset have incurred prior to March 18, 2008, the commencement date of SH Marine's rehabilitation proceedings. With respect to the balance of the claims held by Cosco (Shanghai) Shipyard Co Ltd against SH Marine, the claims will be filed as reorganization claims during the claim filing period of SH Marine.

COSCO (SHANGHAI) Shipyard Co.Ltd

5

Add.:No.2600 Longwu road, Shanghai 200231 China
Tel: 0086-21-54821830,   Fax 0086-21-54821681
Email:puhongbin@cosco-shipyard.com



 

| CHEM ORCHID MOA dated: | 2007-03-06 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Quotation amount | Final invoice amount | Instalment No. | Contractual payment due date | Actual payment date | Days overdue | Instalments paid | Instalments still due | Interest (0.02%) | Exchange Rate Losses | TOTAL CLAIM |
| 2,712,261 | 7,850,000 | 1 (10% of estimate 30 days from MOA date) | 2007-04-05 | 2007-06-11 | 67 | 271,226 | | 3,634.43 | | |
| | | 2 (20% of estimate on entering yard) | 2007-06-10 | 2007-06-21 | 11 | 542,452 | | 1,193.39 | | |
| | | 3 (20% of estimate on departure) | 2008-01-10 | 2008-02-01 | 22 | 3,111,322 | | 13,689.82 | | |
| | | MOA amendment - balance due on date of completion | 2008-02-01 | 2009-03-17 | 410 | | 1,570,000.00 | 128,740.00 | | |
| | | | 2008-02-01 | 2009-03-17 | 410 | | 2,355,000.00 | 193,110.00 | | |
| | | | | | | 3,925,000.00 | 340,367.64 | 1,834,577.31 | 6,099,944.95 |

Expenses of maintaining the lien

| | | | |
|---|---|---|---|
| Wharfage | 35,000*410 days | | 14,350,000.00 |
| Shifting | 9,627*15 times | | 144,405.00 |
| Other costs | | 81,184 | 81,184.00 |
| shifting to buoy | | 555,660 | 14,575,589.00 |

TOTAL CLAIMS                            24,422,095.76

## COSCO (SHANGHAI) SHIPYARD LTD CO CLAIM AGAINST SH MARINE

### CLAIMS ESTIMATED TO 17 March 2009

**CHEM GLORY**

| MOA dated: | 2007-03-06 | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Quotation amount | Final Invoice amount | Instalment No. | Contractual payment due date | Actual payment date | Days overdue | Instalments paid | Instalments still due | Interest (0.02%) | Exchange Rate Losses (to Jan 2010??) | TOTAL CLAIM |
| 2,712,261 | 7,850,000 | 1 (10% of estimate 30 days from MOA date) | 2007-04-05 | 2007-05-08 | 33 | 271,228.00 | | 1,790.09 | | |
| | | 2 (20% of estimate on entering yard) | 2007-04-24 | 2007-05-24 | 30 | 542,452.00 | | 3,254.71 | | |
| | | 3 (20% of estimate on departure) | 2007-10-14 | 2007-10-11 | 0 | 2,186,320.00 | | 0.00 | | |
| | | Further to Guarantee letter | 2007-10-29 | 2007-11-02 | 4 | 1,000,000.00 | | 800.00 | | |
| | | 4 (20% of final invoice 90 days from departure) | 2008-01-12 | 2009-03-17 | 430 | 1,495,002.00 | | 128,570.17 | | |
| | | 5 (30% of final invoice 180 days from departure) | 2008-04-11 | 2009-03-17 | 340 | | 2,355,000.00 | 160,140.00 | | |
| | | | | | | 2,355,000.00 | 294,554.98 | 1,097,006.84 | 3,746,561.81 |